UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20218-CR-SINGHAL

UNITED STATES OF AMERICA

vs.

ALBERTO FRANCISCO PUGA LAMAS,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereinafter "this Office") and Alberto Francisco Puga Lamas (hereinafter "the Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges the Defendant with conspiring to distribute 500 grams or more of methamphetamine, all in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii). This Office agrees to seek dismissal of Count 5 of the Indictment, as to this Defendant, after sentencing.

2. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office (U.S. Probation), which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower

that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the Count 1 offense identified above in paragraph 1 and that the Defendant may not withdraw his plea solely as a result of the sentence imposed.

3. The Defendant understands and acknowledges that the Court shall impose a statutory mandatory minimum of ten (10) years of imprisonment and may impose a statutory maximum term of life imprisonment for Count 1, followed by a term of supervised release of at least five (5) years and up to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000 and may order restitution.

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this Plea Agreement, a special assessment in the amount of $100 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

5. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which

Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding; however, the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

6. This Office reserves the right to inform the Court and U.S. Probation of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the Defendant's offense(s), pursuant to Section 3E1.1(a) of the Sentencing Guidelines (U.S.S.G.), based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the Government will make a motion requesting an additional one (1) level decrease pursuant to U.S.S.G. § 3E1.1(b), stating that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. The United States further agrees to recommend that the Defendant be sentenced at the low end of the guideline range, as that range is determined by the

Court. The United States, however, will not be required to make these motions or recommendations if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to this Office and U.S. Probation of the circumstances surrounding the relevant offense conduct or fails to make an adequate safety valve statement as described below in paragraph 9; (b) is found to have misrepresented facts to the Government prior to entering into this Plea Agreement; or (c) commits any misconduct after entering into this Plea Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. As to Count 1, the United States and the Defendant further agree that, although not binding on U.S. Probation or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) <u>Quantity of narcotics</u>: The quantity of controlled substance involved in the offense as to the Defendant, for purposes of U.S.S.G. §§ 1B1.3 and 2D1.1(a) and (c), is at least 3,000 kilograms, but less than 10,000 kilograms, of converted drug weight (approximately 443 grams of actual methamphetamine and approximately 448 grams of methamphetamine) - resulting in an offense level 32.

(b) <u>Specific Offense Characteristics</u>: The offense characteristics listed in U.S.S.G. § 2D1.1(b)(1)-(17) are inapplicable to this case.

(c) <u>Role in the offense</u>: Whether the Defendant should receive an aggravating role increase pursuant to U.S.S.G. § 3B1.1, or a mitigating role decrease pursuant to U.S.S.G. § 3B1.2 will be litigated by the Parties at sentencing.

(d) <u>Safety Valve</u>: That, pursuant to U.S.S.G. § 2D1.1(b)(1)(18), if the Defendant meets the criteria set forth in U.S.S.G. § 5C1.2 and in paragraph 9 below, the Defendant's offense level should decrease by two (2) levels.

9. The United States and the Defendant agree that at the time of sentencing, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the Court impose a sentence within the Sentencing Guidelines range without regard to any statutory minimum sentence identified in paragraph 3 above, provided that: (a) the Defendant does not have: (i) more than four Criminal History points, excluding any Criminal History points resulting from a 1-point offense, as calculated under the Sentencing Guidelines; (ii) a prior offense earning three (3) points as calculated under the Sentencing Guidelines; or (iii) a prior violent offense - as defined in 18 U.S.C. § 16 - earning two (2) points as calculated under the Sentencing Guidelines; (b) the Defendant did not use violence or credible threats of violence or possessed a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense; (c) the offense did not result in death or serious bodily injury to any person; (d) the Defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise; <u>and</u> (e) not later than the time of the initial sentencing hearing, the Defendant has truthfully provided to this Office all information and evidence that the Defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

10. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or

U.S. Probation, is a prediction, not a promise, and is not binding on this Office, U.S. Probation, or the Court. The Defendant further understands that any recommendation that this Office or the Defendant's attorney makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

11. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense in violation of Title 21, United States Code, Section 846, to which the Defendant is pleading guilty, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, pursuant to Title 21, United States Code, Section 853. In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

12. The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a), and any appeal of the forfeiture.

13. The Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or

control, and any assets involved in the offense of conviction. The Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

14. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.

15. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 5/3/22    By: _____
SEAN T. McLAUGHLIN
ASSISTANT UNITED STATES ATTORNEY

Date: 5/3/22    By: _____
DAVID ANTONIO DONET, JR.
ATTORNEY FOR DEFENDANT

Date: 5/3/22    By: _____
ALBERTO FRANCISCO PUGA LAMAS
DEFENDANT